UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy Pinson, | Case No. 18-cv-1663 (NEB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| K. Lundy, et al., | |
| Defendants. | |

This Court concluded in an order dated June 19, 2018, that plaintiff Jeremy Pinson was ineligible to proceed *in forma pauperis* ("IFP") and directed in that order that she pay the $400 filing fee for this action by no later than July 9, 2018. *See* Docket No. 3 (citing 28 U.S.C. § 1915(g)). That deadline has been repeatedly extended on allegations (denied by the Federal Bureau of Prisons) that Pinson was being blocked from access to an organization that provides assistance to prisoners. Most recently, the filing-fee deadline was extended to March 29, 2019. *See* Docket No. 46.

That most recent of the many deadlines has now passed, and Pinson still has not yet paid the filing fee for this matter. The filing fee is an absolute requirement before this action may proceed. *See* 28 U.S.C. § 1914; D. Minn. L.R. 4.2. Pinson cannot proceed IFP in this litigation, and thus the filing-fee requirement cannot be waived on the grounds that Pinson has "no assets and no means" by which to pay the filing fee. 28 U.S.C. § 1915(b)(4). After nine months stuck in limbo, this action simply must go forward or be terminated.

Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See*

1

*Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Pinson may relitigate her claims when she is prepared to pay the filing fee for the matter. That said, Pinson should be mindful of any statutes of limitation that might apply to her claims and take care to litigate those claims within the time period allowed for doing so.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

2. All pending motions be DENIED AS MOOT.

Dated: April 8, 2019

s/David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).